

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

JACQUELYN A. DAINOW
Phone: (212) 356-0896
Fax: (212) 356-1148
jadainow@law.nyc.gov
(not for service)

February 17, 2023

**BY ECF**
Honorable Naomi R. Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *K.W. v. City of New York, et al.,* 22-CV-8889 (NRB)

Dear Judge Buchwald:

    I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York assigned to represent Defendants the City of New York and Amar Moody ("City Defendants") in the above-referenced matter, which concerns an alleged wrongful removal of an infant by the Administration for Children's Services ("ACS").  I write to respectfully request a pre-motion conference, or alternatively, leave to file a motion to dismiss on behalf of the City Defendants.

    Plaintiff K.W., the father of infant-plaintiff K.A., appears to allege, *inter alia,* that K.A. was wrongfully removed from his custody from March 8, 2017 - November 13, 2019 due to the alleged neglect by the mother of K.A, after which on or about December 16, 2019, K.A. was provisionally released to K.W.'s custody with 6 months' ACS supervision until August 14, 2020, when K.W. was granted sole legal and physical custody of K.A.  (Complaint, ¶ ¶ 37, 108). Specifically, the main allegations include interference with the right to intimate association, malicious prosecution, negligence, and gender and race discrimination.

    As discussed more fully below, City Defendants seek leave to file a motion to dismiss for at least the following reasons: (1) Plaintiff's first cause of action is barred by the statute of limitations; (2) Plaintiff's second cause of action is barred because the applicable standard for malicious prosecution claims was not met, and also the state malicious prosecution claim as to K.W. is time barred; (3) Plaintiff's third cause of action as to K.W. is barred by the statute of limitations; and (4) Plaintiff's fifth and sixth causes of action are barred because Plaintiff fails to allege any facts showing that any adverse conduct was taken as a result of his gender or race and, thus, the claims are merely conclusory allegations.

1) **<u>Plaintiff's First Cause of Action - Interference with Right to Intimate Association</u>**

Plaintiff's first cause of action – namely, interference with the right to intimate association – is brought pursuant to 42 U.S.C. § 1983 and therefore is governed by a three-year statute of limitations. In New York State, the statute of limitations for actions brought pursuant to § 1983 is three years. <u>Owens v. Okure</u>, 488 U.S. 235, 249–51 (1989) (the most appropriate statute of limitations in a § 1983 action is found in the "general or residual [state] statute [of limitations] for personal injury actions"). Here, Plaintiff's claim accrued on March 8, 2017, when K.A. was allegedly wrongfully removed from his custody. Thus, Plaintiff was required to commence this action by March 8, 2020. However, Plaintiff did not commence this action until October 18, 2022, long-after the expiration of the limitations periods. Accordingly, this claim is time barred.

2) **<u>Plaintiff's Second and Fourth Causes of Action – Federal and State Malicious Prosecution</u>**

To prevail on a malicious prosecution claim under New York law, Plaintiff must demonstrate (1) the initiation of an action by defendants against them, (2) begun with malice, (3) without probable cause to believe it can succeed, that (4) terminates in favor of the plaintiffs. See <u>Emanuel v. Griffin</u>, 2013 U.S. Dist. LEXIS 142723 (S.D.N.Y. October 2, 2013), *21. In order to support a federal malicious prosecution claim, Plaintiff also must demonstrate that he was seized within the meaning of the Fourth Amendment. <u>Estiverne v. Esernio-Jenssen</u>, 833 F. Supp. 2d 356, 380 (S.D.N.Y. 2011) ("In order to prevail on a §1983 claim for malicious prosecution, a plaintiff must establish the elements of a malicious prosecution claim under state law *and* a seizure under the Fourth Amendment.").

Here, Plaintiff's federal malicious prosecution claims with respect to both K.W. and infant-Plaintiff K.A. fail because the above four prongs cannot be met. First and most importantly, City Defendants never initiated an action against the infant-Plaintiff; rather, City Defendants initiated a Family Court proceeding against the infant-Plaintiff's mother. (Complaint, ¶ 34).

At most, because K.W.'s paternity was in question, City Defendants advised K.W. to go to court and seek a ruling on that issue. (Complaint, ¶ 33.) To the extent this somehow constitutes the initiation of a proceeding against him, K.W. failed to allege any facts showing that Defendants manufactured evidence that influenced the alleged prosecution. <u>White v. Frank</u>, 855 F.2d 956, 962 (2d Cir. 1988). See <u>Rohman v. New York City Transit Auth.</u>, 215 F.3d 208, 217 (2d Cir. 2000) (plaintiff must establish that defendant played an active role in the prosecution); <u>Emanuel</u>, 2013 U.S. Dist. LEXIS 142723, * 23.

K.W.'s malicious prosecution case further fails because the Family Court proceedings also did not result in K.W. being seized. See <u>Estiverne</u>, 833 F. Supp. 2d at 380 ("Here, Adult Plaintiffs have presented no evidence that they were seized or restrained, or that they had their Fourth Amendment rights otherwise violated in any way").

Based on the foregoing, both K.W.'s and K.A.'s federal malicious prosecution claims should be dismissed.

K.W.'s state law malicious prosecution claim also should be dismissed because he failed to comply with the notice of claim requirements under New York's General Municipal Law §§ 50-e(1)(a) and 50-i, which require a plaintiff to file a notice of claim with the Comptroller's Office within 90 days after the claim arises.  See also O'Brien v. City of Syracuse, 54 N.Y.2d 353, 358, 445 N.Y.S.2d 687, 689 (1981).  Furthermore, any action brought thereafter must be commenced within one year and ninety days after the claim arose, N.Y. Gen. Mun. Law § 50-i(1), "notwithstanding any inconsistent provisions of law."  N.Y. Gen. Mun. Law § 50-i(2).

Here, Plaintiff K.W.'s malicious prosecution claim accrued no later than August 14, 2020, when custody of K.A. was restored to him.  At that time, former Governor-Cuomo's Executive Order 202.8, which tolled the filing deadlines for civil cases (among others) was in effect and remained so until November 4, 2020.  See Brash v. Richards, 195 A.D.3d 582 (2d Dep't 2021).  Thus, Plaintiff was required to serve his Notice of Claim within 90 days from then, or by February 2, 2021, yet he did not do so until August 12, 2022.  Similarly, to be timely, this claim needed to be raised by February 2, 2022 (that is, 1 year and 90 days after the toll expired).  Yet, Plaintiff did not commence this action until October 18, 2022.  These procedural defects are fatal to his claim and warrant dismissal.

### 3) Plaintiff's Third Cause of Action - Negligence

For the reasons set forth immediately above, Plaintiff K.W.'s third cause of action – namely, negligence – is barred due to the untimeliness of both his Notice of Claim and Complaint.

### 4) Plaintiff's Fifth and Sixth Causes of Action – Gender and Race Discrimination

Plaintiff's fourth and fifth causes of action – namely, claims of gender and race discrimination in violation of the New York City Human Rights Law – are barred because Plaintiff failed to allege any facts showing that any adverse conduct was taken because of his gender or race.  All of Plaintiff's claims are mere conclusory allegations and are, thus, insufficient to constitute a viable claim.  See, e.g., Goldin v. Engineers Country Club, 54 A.D.3d 658, 659-60 (2d Dep't 2008) (finding conclusory assertion of gender discrimination unsupported by any factual allegations insufficient to state a claim); see also Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir 1987) ("broad, simple, and conclusory statements" insufficient to state a claim; civil rights complaints must contain specific allegations of fact which indicate a deprivation of rights).  Accordingly, these causes of action should be dismissed.

For these reasons, I respectfully request a pre-motion conference, or leave to file a motion to dismiss.  I further request that this Court stay discovery, pending the outcome of any motion.

I thank the Court for its consideration of this request.

Respectfully submitted,

/s/Jacquelyn Dainow
Jacquelyn A. Dainow

cc: All counsel of record (via ECF)

Case 1:22-cv-08889-NRB   Document 26   Filed 02/17/23   Page 4 of 4