```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
K.W., on behalf of himself and his
infant child, K.A.,

                    Plaintiffs,
                                                    MEMORANDUM AND ORDER
          - against -
                                                    22 Civ. 8889 (NRB)
THE CITY OF NEW YORK, AMAR MOODY,
THE CHILDREN'S AID SOCIETY, and BRIAN
GOMEZ,

                    Defendants.
--------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On October 18, 2022, K.W. brought this action on behalf of himself and his son, asserting numerous federal and state law claims against: (1) the City of New York (the "City"); (2) Amar Moody, the municipal caseworker assigned to K.A.'s case ("Moody" and together with the City, the "City Defendants"); (3) the not-for-profit corporation Children's Aid Society ("CAS"); and (4) CAS employee Brian Gomez ("Gomez" and together with CAS, the "Non-Profit Defendants").  ECF No. 1; see also ECF No. 35 (Plaintiffs' First Amended Complaint ("FAC")).[1]  The City Defendants moved to dismiss the claims against them on September 22, 2023, ECF No. 46,

---

[1]   Capitalized terms not defined herein have the meanings set forth in the Court's Memorandum and Order, ECF No. 66.  For purposes of this Memorandum and Order, the Court assumes familiarity with its prior decision, including the factual background and procedural history described therein, and states only those facts necessary to resolve the issues discussed herein.

and the Court granted the motion in a Memorandum and Order dated July 23, 2024, ECF No. 66 ("July 2024 Opinion").

In that opinion, the Court wrote that "plaintiffs' complaint almost exclusively lumps the Non-Profit Defendants together with the City Defendants" and raised the question of "whether plaintiffs' claims against the Non-Profit Defendants are sustainable in light of this decision." July 2024 Opinion at 46-47.[2] Accordingly, the Court ordered the plaintiffs to "show cause as to why their claims against the Non-Profit Defendants should not be dismissed within 30 days." Id.

Plaintiffs filed a two-paragraph response on August 18, 2024, noting their disagreement with the Court's July 2024 Opinion and submitting that dismissal was inappropriate because "discovery would further support their claims." ECF No. 67. The Non-Profit Defendants filed their response on September 30, 2024. ECF No. 68. The Non-Profit Defendants requested dismissal of the Amended Complaint, opposed further discovery, and provided various arguments which mirrored the Court's reasoning in its July 2024 Opinion. Id. at 1-2. Their letter noted, for example, that "the Non-Profit Defendants' actions, like the City Defendants' actions

---

[2] The Non-Profit Defendants previously elected to answer the First Amended Complaint, ECF No. 39, rather than join City Defendants in moving for dismissal. The Non-Profit Defendants have since requested dismissal. ECF No. 68.

were taken pursuant to lawful Family Court orders." Id. at 1. The Court called plaintiffs' counsel on October 1, 2024, to inquire about a reply. Plaintiffs' counsel informed the Court that she would not file a reply.

## DISCUSSION

Despite the two opportunities afforded plaintiffs' counsel to distinguish the claims against the Non-Profit Defendants from those against the City Defendants, plaintiffs have failed to make any effort to do so. As this Court has previously observed, "[w]ith only a few minor exceptions, there are no allegations made specifically against the Non-Profit Defendants." July 2024 Opinion at 47.

To avoid dismissal of their Amended Complaint, plaintiffs claim that discovery will fix their facially invalid claims. See ECF No. 67. Plaintiffs have the sequence backwards. "The motion to dismiss mechanism exists to prevent plaintiffs from conducting fishing expeditions to see if they can cobble together meritorious claims. Discovery is burdensome and expensive, and the Federal Rules of Civil Procedure do not provide for it unless the pleading can survive a Rule 12(b)(6) motion." Utts v. Bristol-Myers Squibb Co., 251 F. Supp. 3d 644, 673 (S.D.N.Y. 2017), aff'd sub nom. Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699 (2d Cir. 2019);

see also Hughes v. LaSalle Bank, No. 02 Civ. 6384 (MBM)(HBP), 2004 WL 414828, at * 1 (S.D.N.Y. March 4, 2004) ("[A] litigant may not use discovery to determine whether there is a cause of action.") (internal citation omitted); Jones v. Capital Cities/ABC Inc., 168 F.R.D. 477, 480 (S.D.N.Y. 1996) ("The purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists.").

This Court offered plaintiffs two opportunities to explain why its decision dismissing the City Defendants did not apply to the Non-Profit Defendants.  Plaintiffs declined to engage or offer any substantive argument.[3]  Rather, plaintiffs sought discovery to further support their claims.  See ECF No. 67.  That request is essentially an admission of the inadequacy of their pleading against the Non-Profit Defendants.

Accordingly, all claims against the Non-Profit Defendants are dismissed for the reasons stated in this Court's July 2024 Opinion, and in the Non-Profit Defendants' submission, ECF No. 68.  As

---

[3]   Neither party has asked for permission to brief the merits of Plaintiffs' claims further.  Further briefing is unnecessary because the FAC has "substantial deficiencies" which are "predominately legal" in nature, the Court provided notice that it was considering dismissal on this basis, and plaintiffs had an opportunity to be heard.  Int'l Code Council, Inc. v. UpCodes Inc., 43 F.4th 46, 55 (2d Cir. 2022); see also In re Best Payphones, Inc., 450 F. App'x 8, 15 (2d Cir. 2011) (summary order) (affirming the district court's judgment when the losing party "had the opportunity to make the arguments necessary to preserve its [position] for appellate review" and "ha[d] not pointed to any additional argument it would have made had it filed full motion papers").

discussed therein, plaintiffs' intimate association claim is untimely, July 2024 Opinion at 16-22, their procedural due process claims are time-barred and insufficiently pled, id. at 22-27, and they fail to state a claim for a violation of the NYC Human Rights Law, id. at 36-39.

## CONCLUSION

For the foregoing reasons, all claims against the Non-Profit Defendants are dismissed.  The Clerk of Court is respectfully directed to terminate all pending motions, enter judgment for all defendants, and close the case.

Dated:    November 7, 2024
          New York, New York

_____
          NAOMI REICE BUCHWALD
          UNITED STATES DISTRICT JUDGE